UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HERBERT CHARVELLE BEVERLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-cv-2194-DDN |
| ) | |
| OVERLAND POLICE DEPARTMENT, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Herbert Charvelle Beverly for leave to proceed in forma pauperis in this civil action. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is unable to pay any portion of the filing fee, and will grant the motion. Furthermore, based upon review of the complaint, the Court finds this action should be dismissed.

**The Complaint**

Plaintiff brings this action against defendants Overland Police Department and Access Automotive. Plaintiff does not indicate the basis of this Court's jurisdiction, and he does not claim that the parties are diverse. Plaintiff did check boxes indicating that the nature of this lawsuit is Real Property, and Fraud. In setting forth the grounds for filing this case in federal court, plaintiff writes:

> Access Automotive dismantled my tie rod end on my car and wanted me to pay $180.00 to put back together. The Overland Police Department forced me to pay Access Automotive $25.00 dollars after they dismantled my car.

(Docket No. 1 at 1).

For his statement of claim, plaintiff states that he took his car to Access Automotive for a wheel alignment, and the mechanic there told him that he broke one of the tie rod ends because they had been installed incorrectly. Plaintiff called his own mechanic, who visited Access Automotive to investigate. Plaintiff's mechanic then removed the car from the Access Automotive lot, and showed plaintiff where Access Automotive had dismantled a tie rod end. Plaintiff's mechanic reconnected it, fixing the problem. While this was going on, Access Automotive called the Overland Police Department and said plaintiff was stealing $25.00. The Overland Police Department made plaintiff pay Access Automotive $25.00. As relief, plaintiff seeks $100,000.00 from both defendants.

## Discussion

Federal courts are courts of limited, not general, jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). A federal district court's jurisdiction arises, in large part, from two sources. First, a district court "has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Second, a district court has jurisdiction over civil actions where the matter in controversy exceeds $75,000, and the suit is between citizens of different states or a foreign country. 28 U.S.C. § 1332.

In this case, plaintiff does not allege a claim that invokes federal jurisdiction. He does not invoke federal question jurisdiction, does not mention a federal statute, and does not plead facts that would allow this Court to construe his claims as arising under a federal statute. Federal question jurisdiction exists only when a federal question is presented on the face of the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff has not plead federal diversity jurisdiction either, because he has not alleged (nor does it appear) that the

2

parties are diverse.  *See* 28 U.S.C. § 1332; *see also Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997) (plaintiff has the burden to plead citizenship of parties when attempting to invoke diversity jurisdiction).  Finally, even if plaintiff had invoked this Court's jurisdiction by bringing this action pursuant to 42 U.S.C. § 1983, the complaint would be subject to dismissal because Access Automotive is not a state actor, and the Overland Police Department is not an entity subject to suit under § 1983.  *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (police departments are "not juridical entities suable as such.").  Although the Court must liberally construe plaintiff's complaint, the Court will not create facts or construct claims that have not been alleged.  Even pro se litigants are obligated to plead specific facts and proper jurisdiction, and abide by the Federal Rules of Civil Procedure.  *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993).

    Accordingly,

    **IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

    **IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

    **IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

    Dated this 2nd day of October, 2017.

                                                      E. RICHARD WEBBER
                                                      UNITED STATES DISTRICT JUDGE